## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANDY K. BRENNER,                      :
                                       :
            Plaintiff,                 :    CIVIL ACTION
                                       :
      v.                               :    No. 09-cv-1574
                                       :
CONSOLIDATED RAIL CORPORATION          :
and CSX TRANSPORTATION, INC.,          :
                                       :
            Defendants.                :

### MEMORANDUM AND ORDER

**Joyner, J.**                                      **August 26, 2009**

        This dispute has been brought before the Court on
motion of Defendants to transfer venue from the Eastern District
of Pennsylvania to the Southern District of Ohio, Dayton
Division, pursuant to 28 U.S.C. §1404(a).  For the reasons
articulated below, Defendants' Motion to Transfer Venue (Doc. No.
10) shall be DENIED.

### Background

    Plaintiff has filed suit against his employers, Consolidated
Rail Corporation and CSX Transportation, under the Federal
Employers' Liability Act ("FELA"), 45 U.S.C. §§51-60.  Plaintiff
is a resident of Ohio, and his work for Defendants centered in
Indiana.  Consolidated Rail Corporation is a Pennsylvania
corporation and has its headquarters in Pennsylvania, and CSX is
incorporated in Virginia and headquartered in Florida.  Plaintiff

1

alleges that he was "exposed to excessive and harmful cumulative trauma to his knees" while performing his work.  Compl. 2. Plaintiff claims that his injuries were caused by the negligence, carelessness, and recklessness of Defendants.  Arguing the doctrine of <u>forum non conveniens</u>, Defendants have filed a Motion to Transfer Venue to the Southern District of Ohio, Dayton Division.

## **Standard**

Under 28 U.S.C. §1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  This provision for transferring venue is layered on top of 45 U.S.C. §56, FELA's venue provision, which provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."  Neither party disputes that venue would be proper in the Southern District of Ohio, Dayton Division.

Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, that considerations weigh "strongly" in favor of transfer.  <u>Gulf Oil v. Gilbert</u>, 55 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).  The complete list of

2

private factors set forth by <u>Gulf Oil</u> was further articulated by

the Third Circuit in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873,

879 (3d Cir. 1995), and includes,

> [T]he plaintiff's forum preference; defendant's
> preference; whether the claim arose elsewhere; the
> convenience of the parties as indicated by their
> relative physical and financial conditions; the
> convenience of the witnesses, but only to the
> extent that the witnesses may actually be
> unavailable for trial in one of the fora; and the
> locations of the books and records.

Named public factors include,

> Enforceability of judgment; practical
> considerations that could make the trial easy,
> expeditious or inexpensive; the relative
> administrative difficulty in the two fora
> resulting from court congestion; the local
> interest in deciding local controversies at home;
> the public policies of the fora; and the
> familiarity of trial judges with the state law for
> diversity cases.  <u>Id.</u>

Within this framework, courts have given great deference to

the plaintiff's choice of forum.  <u>Piper Aircraft Co. v. Reyno</u>,

454 U.S. 235, 255, 102 S. Ct. 252 (1981); <u>Kielczynski v.</u>

<u>Consolidated Rail Corp.</u>, 837 F. Supp. 687, 689 (E.D. Pa. 1993).

Notably, however, when a plaintiff has not brought suit in his

home forum and the cause of action did not occur in the forum, as

alleged here, the choice is given less weight.  <u>Piper Aircraft</u>

<u>Co.</u>, 454 U.S. at 255-56; <u>Kielczynski</u>, 837 F. Supp. at 689.  When

the plaintiff is not a resident of the chosen forum, he must make

a "strong showing of convenience" in order for his choice to be

given deference.  <u>Windt v. Qwest Communications Intern., Inc.</u>,

529 F.3d 183, 190 (3d Cir. 2008).  Additionally, "the convenience of counsel is not a factor to be considered" in deciding a motion to transfer.  Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).  Conversely, in cases brought under FELA, the plaintiff's choice of forum has been held in particularly high regard and has been called a "substantial right".  Boyd v. Grand Trunk Western R.R. Co., 338 U.S. 263, 266, 70 S. Ct. 26 (1959) (per curiam).  Further, in cases involving FELA, courts have held that the plaintiff's choice of forum requires notable deference, notwithstanding the plaintiff's residence or the location of the underlying actions in the case. Szabo v. CSX Transportation, Inc., No. 05-4390, 2006 U.S.  Dist. LEXIS 3862, 2006 WL 263625, at *4 (E.D. Pa. Feb. 1, 2006); Luther v. Consolidated Rail Corp., No. 99-1464, 1999 U.S. Dist. LEXIS 8119, 1999 WL 387075, at *2 (E.D. Pa. May 25, 1999).  Hence, on balance, the plaintiff's choice of forum continues to hold substantial weight and the defendant must demonstrate "a clear case of convenience, definitely and unequivocally" to be granted transfer.  Richards v. Consolidated Rail Corp., No. 94-3942, 1994 U.S. Dist. LEXIS 14985, 1994 WL 586009, at *2 (E.D. Pa. Oct. 18, 1994) (quoting Hohler v. Pa. R.R., 140 F.Supp. 487, 489 (E.D. Pa. 1956)).

## Discussion

**Private Factors**

Beginning with the private factors, the most important in this case are the convenience of the parties, the convenience of the witnesses, and whether the claim arose elsewhere. When examined in conjunction with one another, the private factors do not strongly favor transfer.

The Southern District of Ohio would likely be a more convenient forum for the parties. Although Plaintiff denies that the Southern District of Ohio, Dayton Division, is a more convenient forum for this claim, he does not offer any information to support a finding that the Eastern District of Pennsylvania is a convenient forum to litigate his claim or that the Southern District of Ohio is an inconvenient forum. Indeed, as the Plaintiff lives in the Southern District of Ohio, it is difficult to imagine that it would not be more convenient for Plaintiff to litigate there. It is less clear whether the Southern District of Ohio would be more convenient for Defendants. Consolidated Rail has its headquarters in Philadelphia and CSX is headquartered in Florida. CSX does note, however, that the expense and loss of members of its workforce would disrupt operations if witnesses needed to be moved from its Indiana locations to Philadelphia, and that both of these would be lessened if the case were transferred to Dayton. While

Plaintiff points to Defendants' substantial net earnings in the most recent quarter for which data was available, this does not change the fact that it would be more costly for Defendants if the trial took place in the Eastern District of Pennsylvania. Overall, the convenience of the parties does support transferring the case to the Southern District of Ohio.

The convenience of the witnesses, however, does not support such a transfer.  Importantly, the consideration here is not simply whether the forum is inconvenient for the witnesses, but whether the witnesses would be "unavailable" for trial.  Gulf Oil, 55 F.3d at 879.  It is Defendants who have the burden of identifying witnesses who would be unavailable at trial.  Coble v. Consolidated Rail Corp., No. 92-2386, 1992 U.S. Dist. LEXIS 12761, 1992 WL 210325, at *2 (E.D. Pa. Aug. 26, 1992). Defendants identify three doctors as potential witnesses who may be unavailable for trial if it were held in this district because they are all located outside of this district and the Court cannot use its subpoena power to compel their testimony. Defendants have not, however, established that they would attempt to call any or all of these doctors as witnesses, and have not offered any evidence that these doctors would refuse to attend voluntarily.  All other potential witnesses identified by Defendants are employees of Defendants and, therefore, the same concerns as to unavailability do not apply.  Again, Defendants

have not alleged that it would be impossible for these employees
to attend.  Although Defendants have stated that it would be more
difficult for some of the possible witnesses to travel to
Pennsylvania, they have not demonstrated the unavailability of
witnesses as is required to support a transfer of venue.

The final major private factor in the instant case, whether
the claim arose elsewhere, also does not point strongly in favor
of a transfer.  Plaintiff alleges a "repetitive stress" injury
that did not occur in any one place.  Plaintiff's employment,
however, was centered in Richmond and Winchester, Indiana.
Although the claim did not arise in the Eastern District of
Pennsylvania, it also did not arise in the Southern District of
Ohio, and a transfer to that district would have no effect on
this private factor.

The remaining private factors are of less significance in
the instant case.  Plaintiff and Defendant have different forum
preferences but because each party's desired forum is a proper
one for this case, neither party's preference carries more weight
than the other's.  The location of books and records is also not
a significant factor in this case.  Any books or records located
in the proposed transfer district that would be needed at trial
could easily and inexpensively be transported to this district
either electronically or physically.

**Public Factors**

The most important public factors in this case are the local interests in deciding local controversies, the practical considerations that could make trial easy, expeditious, or inexpensive, and the administrative difficulty due to congestion. Overall, these factors favor transferring the case to the Southern District of Ohio.

First, as noted above, neither the Eastern District of Pennsylvania nor the Southern District of Ohio is where the conduct giving rise to the injury occurred.  As Defendants stress, however, Plaintiff lives in the Southern District of Ohio, his center of work (and therefore injury) was adjacent to the Southern District of Ohio, and the medical treatment that Plaintiff received was in the Southern District of Ohio.  All of these factors give the Southern District of Ohio an interest in the litigation.  Plaintiff, on the other hand, emphasizes that Consolidated Rail Corporation is headquartered in Philadelphia, and that CSX currently operates a major rail yard in Philadelphia.  These facts give the community in the Eastern District of Pennsylvania an interest in the companies' operations.  Overall, each locality has an interest in the action, and it cannot be described as a purely "local" action.

The trial would almost certainly be easier, more expeditious, and less expensive if it was conducted in the

Southern District of Ohio.  All of the parties who are expected
to testify live and work in Ohio and Indiana, and not in
Pennsylvania.  Plaintiff's employment was centered in Richmond,
Indiana - located forty-six miles from the proposed transferee
district and over five hundred and seventy miles from the present
forum - and in Winchester, Indiana - located seventy miles from
the Southern District of Ohio, and almost six hundred miles from
the Eastern District of Pennsylvania.  Although Plaintiff notes
that CSX has litigated over six hundred cases in the Eastern
District of Pennsylvania and the location of this suit in the
Eastern District of Pennsylvania cannot be said to unduly burden
the Defendants, this does not change that fact that it would be
easier and less expensive to litigate in Ohio.

Finally, court congestion favors transferring this case.
Because this district has over ten times as many pending civil
cases and fewer than three times as many judges as the proposed
transfer district, it is clearly more congested than the proposed
transfer district.

The remaining three public factors are of less consequence.
Because Defendants conduct business and operate trains in both
districts, any judgment against them would be equally enforceable
in either district.  As this suit involves alleged violations of
federal laws, there is no concern of trial judges being
unfamiliar with state laws.  Lastly, this Court can find no

9

reason why the public policies in the proposed transfer district would be different than those in this district.

**Balancing**

Overall, the private factors do not point strongly toward either forum, whereas the public factors suggest that the Southern District of Ohio would be a preferable forum. Importantly, however, this Court is not tasked with selecting the ideal or "best" forum in which the litigation could proceed. Instead, it is required to give Plaintiff's selection of forum substantial weight, which can only be overcome by a "clear showing" by Defendants that the alternative forum is more convenient. <u>Richards</u>, 1994 WL 586009 at *2.  Defendants have failed to overcome this presumption in favor of Plaintiff's choice of forum.

<u>Conclusion</u>

Defendants' Motion to Transfer Venue to the Southern District of Ohio, Dayton Division is DENIED for the reasons set forth above.  An appropriate order follows.